2:26-cv-01307-RAJ

## UNITED STATES DISTRICT COURT WESTERN DISTRICT OF WASHINGTON

**CAROLYNN COMSTOCK,** as Successor-in-Interest, *Plaintiff/Counter-Claimant,*

**v.**

**MICROSOFT CORPORATION, OPENAI, INC., ANTHROPIC PBC, GOOGLE INC, APPLE INC, KARL REINKE, KNAUF SANTOS LAW PLLC, THE CITY OF SEATTLE, SEATTLE POLICE, KING COUNTY PROSECUTORS OFFICE, KING COUNTY SUPERIOR COURT ADMINISTRATION, DAVIS WRIGHT TREMAINE LP, PERKINS COIE LLP, GORDON REES SCULLY MANSUKHANI LLP, ORRICK HERRINGTON & SUTCLIFFE LLP, GOOGLE LLC, META PLATFORMS, INC., LINKEDIN CORP., KING COUNTY RISK ASSESSMENT OFFICE, KING COUNTY SUPERIOR COURT AND CHIEF ADMINISTRATOR , LEESA MANION, KIMBERLY FREDRICK, DETECTIVE ALAN RICHARDS, SPD DOES 1-50, KING COUNTY EMPLOYEE DOES 1-50, CITY OF SEATTLE EMPLOYEE DOES 1-50, LINDA RIDGE, KING COUNTY SUPERIOR COURT JUDGES DOES 1-15, WDWA EMPLOYEE DOES 1-15, BETTS PATTERSON and MINES, MARTIN BURNS, JULIE POSTMA, KARIN REINKE YOUNG, JILL IRVINE, JUDY ROLLER, KATHLEEN DEMARIA, DALLAS LEPIERRE, CATHERINE RIEDO, KING COUNTY SUPERIOR COURT FAMILY SERVICES, JASON ROSE and FOX NEWS, AND DIRECTOR TRACEY WHITE, EVELYN JOHNSON AND CRAIG STAHL** *Defendants.*

**Case No.:**

**COMPLAINT FOR RICO VIOLATIONS (18 U.S.C. § 1962), DEPRIVATION OF RIGHTS, AND EMERGENCY INJUNCTIVE RELIEF**

## I. NATURE OF THE ACTION: THE BIFURCATED RACKETEERING ENTERPRISE

This action addresses two distinct yet intersecting tracks of illegal behavior that constitute a pervasive racketeering enterprise. This enterprise has systematically dismantled the Plaintiff's civil rights, facilitated the ongoing kidnapping of a minor child, and weaponized the judicial process to extort and silence the Petitioner.

**Track One: Institutional Corruption and State-Level Collusion**

The first track involves a "corrupt state" infrastructure where local law enforcement and the King County Superior Court have acted *ultra vires* to protect federally defaulted parties while persecuting the sole legal custodian of the minor child, R.R.

- **Police Collusion with Defaulted Parties:** As early as April 8, 2025, the Seattle Police Department (SPD) colluded with federally defaulted parties Karl John Reinke and Erica Knauf Santos (via her alter ego Knauf Santos Law), as documented by a founded Office of Police Accountability (OPA) investigation.

- **Jurisdictional Collapse and Prosecution:** King County Superior Court ignored the loss of jurisdiction and proceeded with a fraudulent "arraignment" on the 16th, despite the "victim" being a federally defaulted kidnapper and the charges being brought three months after the alleged incident.

- **The Fifth Circuit Conflict:** These actions occurred while *Johnson v. King County Superior Court* was active in the Fifth Circuit, and federal defaults against Reinke and Knauf Santos were already docketed in the District of Alaska alongside King County PAO lead prosecutors Leesa Manion and Kimberly Fredrick.

- **Extortion and NCIC Laundering:** The state enterprise utilized a **$150,000 bail** and the laundering of a void *ab initio* "vexatious litigant" order into the NCIC and NDTX. This was executed with no hearing and based on unsubstantiated smears by unserved co-defendants to poison the courts against Ingrid Johnson. This is retaliatory prosecution, defamation per se and more and will have life long consequences for Plaintiff and her entire family.

- **Mirror-Case Extortion:** Defendants Postma and DeMaria, represented by the same counsel, filed a mirror-image case in King County Superior Court (Cause 25-2-11385-0) to extort the Petitioner's elderly parents literally "across the hall" from active proceedings.

## Track Two: Corporate Weaponization and Federal Usurpation

The second track involves the active participation of multinational corporations and their legal counsel in a "fraudulent dismissal" scheme designed to bypass the Fifth Circuit's appellate process.

- **Fraudulent Removal and Consolidation:** The City of Seattle, an unserved third party, purged the case to the Western District of Washington (WDWA) in direct violation of *Home Depot v. Jackson*, despite the case being noticed for consolidation to the Fifth Circuit.

- **Corporate Joinder in Fraud:** Perkins Coie (representing Google), Gordon Rees (representing LinkedIn), and Orrick (representing Meta) joined this fraud by filing dismissals in both state and federal courts simultaneously.

- **Judicial Usurpation and Forced Arbitration:** Judge Josephine Wiggs refused to dismiss the obviously fraudulent case, instead moving it into collection and arbitration without consent to extort the Petitioner's parents for over **$60,000**, even while a Writ of Mandamus was pending in the Fifth Circuit against her and the named parties.

- **Institutional Silence and "The Taint":** This track includes the double recusal of Judges Chun and Robart, the extrajudicial "Puppet" designations by Judge Stanley Bastian, and the refusal of Judge McKee to void orders, forcing an appeal to the Washington State Supreme Court.

---

## The Resulting Injury

This bifurcated enterprise has resulted in:

1. **Systemic Destitution:** Keeping a mother homeless and jobless while forcing her elderly parents to bear all financial burdens.

2. **Fugitive Status:** Forcing a federal custodian to "hide" from police who are actively ignoring federal defaults of a known kidnapper.

3. **Ongoing Endangerment:** Ensuring a suicidal minor child remains with a known abuser and kidnapper, Karl John Reinke, eight months after federal defaults were established.

## II.  Statement of Parties

- **I. CORPORATE & TECHNOLOGY DEFENDANTS**

*Note: All entities below maintain Registered Agents for service in most jurisdictions, including Washington and the eventual neutral venue.*

- **MICROSOFT CORPORATION:** A Washington corporation; Principal Place of Business (PPB): Redmond, WA.
- **OPENAI, INC.:** A Delaware corporation; PPB: San Francisco, CA.
- **ANTHROPIC PBC:** A Delaware Public Benefit Corporation; PPB: San Francisco, CA.
- **GOOGLE LLC / GOOGLE INC:** A Delaware corporation; PPB: Mountain View, CA.
- **APPLE INC:** A California corporation; PPB: Cupertino, CA.
- **META PLATFORMS, INC.:** A Delaware corporation; PPB: Menlo Park, CA.
- **LINKEDIN CORP.:** A Delaware corporation; PPB: Sunnyvale, CA.

### II. LAW FIRMS & LEGAL ENTITIES

*These firms are named for their active participation in the "fraudulent dismissal" scheme and the laundering of void orders.*

- **PERKINS COIE LLP:** A limited liability partnership; Counsel for Google/Defendants.
- **ORRICK, HERRINGTON & SUTCLIFFE LLP:** A limited liability partnership; Counsel for Meta.
- **GORDON REES SCULLY MANSUKHANI LLP:** A limited liability partnership; Counsel for LinkedIn.
- **DAVIS WRIGHT TREMAINE LLP:** A limited liability partnership.
- **BETTS, PATTERSON & MINES, P.S.:** A Washington professional service corporation.
- **KNAUF SANTOS LAW PLLC:** A Washington professional limited liability company; the "alter ego" of Erica Knauf Santos.

## III. GOVERNMENT & MUNICIPAL DEFENDANTS

- **THE CITY OF SEATTLE:** A first-class municipal corporation in the State of Washington.

- **SEATTLE POLICE DEPARTMENT (SPD):** An agency of the City of Seattle.

- **KING COUNTY PROSECUTORS OFFICE / PAO:** An agency of King County.

- **KING COUNTY SUPERIOR COURT & ADMINISTRATION:** A judicial subdivision of the State of Washington.

- **KING COUNTY RISK ASSESSMENT OFFICE:** An agency of King County.

- **KING COUNTY SUPERIOR COURT FAMILY SERVICES:** An agency of King County.

## IV. INDIVIDUAL GOVERNMENT ACTORS

- **LEESA MANION:** King County Prosecuting Attorney; sued in official and individual capacities.

- **KIMBERLY FREDRICK:** Lead Civil Prosecutor, King County PAO; sued in official and individual capacities.

- **DETECTIVE ALAN RICHARDS:** SPD Detective; sued in official and individual capacities for collusion with defaulted parties.

- **LINDA RIDGE:** King County official/administrator.

- **TRACEY WHITE:** Director, King County Superior Court Family Services.

- **MARTIN BURNS:** Official associated with King County/State proceedings.

## V. INDIVIDUAL PREDICATE ACTORS

- **KARL JOHN REINKE:** Federally defaulted kidnapper and RICO predicate; DOB 11/7/1968.

- **JULIE POSTMA & KATHLEEN DEMARIA:** Defendants in Cause 25-2-11385-0 (Mirror Case).

- **KARIN REINKE YOUNG, JILL IRVINE, JUDY ROLLER:** Associated family/participants in the enterprise.

- **DALLAS LEPIERRE & CATHERINE RIEDO:** Individual participants in the predicate acts.

## VI. FICTITIOUS DEFENDANTS (DOES)

- **SPD DOES 1-50:** Unidentified officers/employees of the Seattle Police Department.

- **KING COUNTY EMPLOYEE DOES 1-50:** Unidentified staff involved in the extortion/laundering scheme.

- **CITY OF SEATTLE EMPLOYEE DOES 1-50:** Unidentified staff facilitating ultra vires removals.

- **KING COUNTY SUPERIOR COURT JUDGES DOES 1-15:** Unidentified judicial officers acting without jurisdiction.

- **WDWA EMPLOYEE DOES 1-15:** Unidentified federal employees facilitating the "taint" of the record.

## SERVICE OF PROCESS NOTATION

**NOTICE TO CLERK:** Most corporate Defendants listed above maintain a continuous presence in all U.S. jurisdictions through Registered Agents. Plaintiff intends to effectuate service immediately upon transfer to the neutral venue. Because these entities utilize standardized local agents (e.g., CSC, CT Corporation), no 90-day extension for service is required; these parties are effectively "present" for service of process at all times.

**NOTICE OF SERVICE STATUS AND JUDICIAL DISCRETION:** The State Case (Mirror Image RICO Consolidation Case) already has proper service for most, if not all, named parties. Because these parties have already appeared or been served in the state-level mirror proceedings, they possess actual notice of the underlying RICO predicates and have made multiple ultra vires motions in jurisdictionless federal court, state court, or both. Including creating a brand new fraudulent federal case, appearing months late with no notice to Plaintiff and making motions to dismiss.

Plaintiff asserts that the eventual Federal neutral venue retains **100% discretion**, based on the grave nature of the alleged crimes and the documented bad-faith actions of the parties, to accept the existing service as sufficient or to demand re-service. Plaintiff

remains ready to comply with any order for re-service; however, the existing service in the state record precludes any "lack of notice" defense by the Defendants.

# III. JURISDICTION AND VENUE: THE IRREPARABLE TAINT OF THE WDWA AND THE COLLAPSE OF STATE COMPETENCE

The Western District of Washington (WDWA) is the home venue for this action; however, the court has become a forum of jurisdictional collapse and extrajudicial hostility. This filing serves notice that the WDWA is **irreparably tainted** and that the King County Superior Court has acted beyond any legal bounds, necessitating the entry of defaults by the Clerk and an immediate transfer to a neutral venue.

### 1. The "Laundering" of the Void Order (Judge Chun)

The WDWA has willfully incorporated state-court nullities to bypass federal mandatory duties.

- **The Filing:** Plaintiff cites the Emergency Motion for Relief Under **FRCP 60(b) (4)** in Case 2:25-cv-01533-JHC.

- **The Argument:** On August 20, 2025, the WDWA incorporated a "vexatious litigant" label derived from a void state-court order issued by Family Court Judge Monica Cary.

- **The Constitutional Breach:** This resulted in the first *sua sponte* federal dismissal of a Federal RICO case with a defaulted predicate in 56 years. No hearing or motion was conducted, and the court denied filing access to the Federal Default until after the case was dismissed.

- **Evidence of Knowledge:** The WDWA had constructive knowledge of the jurisdictional collapse as early as May/June 2025 but chose to "launder" the nullity into a federal judgment anyway.

### 2. Illegal Third-Party Removal (*Home Depot v. Jackson*)

The WDWA has ignored "bright-line" Supreme Court precedent to facilitate fraudulent removals.

- **The Filing:** Reference is made to the Order Granting Motion to Dismiss in Case 2:25-cv-02036-SAB.

- **The Jurisdictional Defect:** The WDWA accepted removal from a third-party defendant (City of Seattle), which is strictly prohibited under ***Home Depot U.S.A., Inc. v. Jackson***.

- **The Failure to Remand:** This constitutes a fundamental jurisdictional defect that the WDWA failed to remand *sua sponte*, further demonstrating the court's abandonment of actual rules in favor of "loose suggestion".

## 3. Extrajudicial Bias (The "Puppet" Order)

Judicial officers within this district have abandoned their roles as neutral arbiters in favor of prejudicial smears.

- **The Filing:** Plaintiff cites the specific language from the **Bastian Order** in Case 2:25-cv-02036-SAB.

- **The Prejudicial Language:** A WDWA judge utilized extremely irregular language, specifically referring to the Petitioner and her husband as "**Puppets**".

- **Justification for Transfer:** This language was triggered by the Petitioner's refusal to participate in *ultra vires* matters. The WDWA judges are now actively hostile toward the Petitioner, necessitating a transfer to a venue where they will be treated as legitimate litigants with due process rather than objects of judicial derision.

## 4. The Incompetence of King County Superior Court

The King County Superior Court actions are beyond any bounds of ability to litigate due to extreme conflicts of interest and the federal nature of the charges.

- The court attempted to prosecute a federal custodian while a case was active in the Fifth Circuit and federal defaults were docketed elsewhere.

- King County Superior Court judges have systemically engaged in ultra vires activities across the spectrum from Criminal to Family to Civil to Ex Parte in a pattern of alarming disregard for law and due process, child endangerment, and Federal Supremacy, each act knowingly furthering the criminal enterprise and piercing bivens over and over.

- The state court's persistence in acting *ultra vires*—including the "laundering" of orders into the NDTX—has permanently poisoned the local environment, making fair adjudication at the state level impossible.

**Conclusion on Jurisdiction:** The Clerk must perform the mandatory ministerial duty of entering the defaults. Once the record is certified, the action must proceed to a neutral venue to ensure the enforcement of the **August 19, 2025**, federal defaults and to resolve the RICO predicates currently being suppressed by the WDWA.

## Exhaustion of State Remedies

The Petitioners have fully exhausted every available remedy under the **Washington State Constitution**. This includes formal petitions and notices to every individual, organization, and elected official charged with the protection of civil rights and the oversight of state citizens. Despite these exhaustive efforts, no state authority has taken action to indicate that the law is being followed or that the safety of a child in immediate danger is being prioritized over the preservation of systemic corruption. This total institutional failure confirms that further pursuit of state-level relief is futile, as the local environment is permanently poisoned against the enforcement of federal law and basic due process.

## IV. TRACK TWO: THE CORPORATE ENTERPRISE AND THE SURVEILLANCE ANOMALY

This second track of racketeering involves a series of technical and procedural behaviors so irregular and technologically advanced that they defy traditional legal or commercial logic. While the Plaintiffs cannot identify a conventional motive for multi-billion-dollar entities to target a private family, the forensic chain of evidence confirms a campaign of daily surveillance and systemic evidence spoliation that has left the Plaintiffs no choice but to seek federal intervention.

### 1. The Meticulous Surveillance of a Minor Child

Since the inception of this enterprise, there has been daily, high-resolution surveillance conducted against the Plaintiffs and the minor child, R.R. (born March 14, 2014; aged 12).

- **Chain of Evidence:** Plaintiffs maintain a meticulously tracked forensic log and chain of evidence documenting the persistent monitoring of their movements and communications.

- **Targeting of the Family Unit:** This surveillance has not been limited to the legal parties but has extended to every device within the family home, including those used by a twelve-year-old child who is currently being held in a state of federal kidnapping.

## 2. Advanced Technical Intrusion and "GUID Shells"

The level of technical sophistication deployed against the Plaintiffs' personal hardware suggests the involvement of entities with deep-level infrastructure access.

- **Virtualization and Kernel Access:** Forensic analysis has identified the deployment of virtualization layers and GUID shells on all laptops and computers owned and operated by the Plaintiffs.

- **iPhone Compromise:** The enterprise has successfully executed kernel-level hacks on every iPhone within the family. This includes devices purchased, owned, and paid for monthly by the Plaintiff, as well as the device intended for her grandson.

- **Total Ecosystem Penetration:** These are not common malware infections; they represent a persistent, high-level structural compromise of the Plaintiffs' entire digital ecosystem.

## 3. Systematic and Ongoing Spoliation of Evidence

Perhaps the most bizarre element of this track is the continuous, daily spoliation of evidence.

- **The Erasure Campaign:** Plaintiffs have documented the real-time deletion and alteration of digital records, forensic logs, and legal communications.

- **Persistence:** Despite ongoing litigation and federal notices, this spoliation continues to this day. The destruction of evidence appears automated and systemic, designed to ensure that the "record" remains in a state of perpetual flux.

## 4. The Absence of Surface-Level Motive

The Plaintiffs state for the record that the behavior of Defendants **Microsoft, OpenAI, Google (Perkins Coie), Meta (Orrick), and LinkedIn (Gordon Rees)** Apple Inc, Anthropic PBC, is, on its surface, inexplicable.

- These are multi-billion-dollar corporations with no apparent commercial or legal reason to engage in the granular, daily surveillance of a private family or the kernel-level hacking of a twelve-year-old's phone.

- However, the forensic collection of evidence is undeniable. The "Why" remains a matter for discovery, but the "What"- the documented intrusion and obstruction - is an established fact with thousands of pages of forensic evidence that constitutes a core component of this RICO enterprise.

## V. EXHAUSTION OF STATE REMEDIES AND TOTAL INSTITUTIONAL FAILURE

The Petitioners have fully exhausted every available remedy under the **Washington State Constitution**. This includes formal petitions and notices to every individual, organization, and elected official charged with the protection of civil rights and the oversight of state citizens.

Despite these exhaustive efforts, no state authority has taken action to indicate that the law is being followed or that the safety of a child in immediate danger is being prioritized over the preservation of systemic corruption. This total institutional failure confirms that further pursuit of state-level relief is futile, as the local environment is permanently poisoned against the enforcement of federal law and basic due process.

## VI. THE JURISDICTIONAL NULLITY: THE "LAUNDERED" VEXATIOUS ORDER AND THE ROOKER-FELDMAN DISASTER

The "elephant in the room" is the systematic reliance of the federal judiciary on a void *ab initio* state court order—a document produced by a Predicate RICO Actor and transmitted into the Article III system by a Predicate RICO Defaulted Party. This reliance has created a "Rooker-Feldman disaster" that has effectively barred the Plaintiffs from the court and left a minor child in the hands of a federally defaulted kidnapper.

### 1. The Genesis of the Void Order: Erica Knauf Santos and Judge Monica Cary

The order designating the Petitioner's daughter as "vexatious" is a jurisdictional nullity.

- **Predicate Actor Involvement:** The order was written by King County Superior Court Family Law Judge Monica Cary, acting two months after losing all jurisdiction over the matter.

- **The Role of Erica Knauf Santos:** The order was procured through the actions of Erica Knauf Santos, a federally defaulted predicate in this RICO enterprise.

- **The Denial of Due Process:** The order was issued with **no hearing** and **no notice** while the Petitioner's daughter was physically in Texas. It is the product of an *ultra vires* act that lacks the basic hallmarks of judicial legitimacy.

### 2. The Absence of *Res Judicata* and Collateral Estoppel

Every federal judge who has dismissed the Plaintiffs' claims based on this "vexatious" status has relied on a doctrine that cannot legally apply.

- **No "Full and Fair" Opportunity:** Under established federal law, *res judicata* (claim preclusion) and collateral estoppel (issue preclusion) require that the party had a "full and fair opportunity" to litigate the issue in the prior proceeding.

- **The Record of Silence:** Because there was **no hearing** and **no independent vetting**, there is no "judgment on the merits." A void order cannot serve as the basis for preclusion in an Article III court.

- **The Failure to Investigate:** Despite the obvious urgency of child abuse and federal kidnapping, the federal courts have conducted zero independent investigations, choosing instead to "parrot" a state-level nullity.

### 3. The Rooker-Feldman Disaster and Federal Supremacy

The federal courts have misapplied the *Rooker-Feldman* doctrine to shield state-level corruption rather than protect federal rights.

- **The "Laundering" Mechanism:** By "transmitting" this void order into the federal system, the RICO defendants have successfully poisoned the well across multiple jurisdictions, including the NDTX and the Fifth Circuit Court of Appeals.

- **Federal Default vs. State Nullity:** The federal courts have prioritized a void state order over the **August 19, 2025, federal default** of the kidnapper, Karl John Reinke. In doing so, the judiciary is unknowingly falling back on orders written by the very predicates the RICO statute was designed to prosecute.

### 4. Case Law and the Duty to Vacate Under Rule 60(b)(4)

Under **FRCP 60(b)(4)**, a court *must* set aside a judgment if it is void.

- **Jurisdictional Defect:** A judgment is void if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law. (*Eberhardt v. Integrated Design & Const., Inc.*, 167 F.3d 861).

- **The Mandatory Duty:** There is no discretion; if the underlying state order is void for lack of due process (no hearing) or lack of jurisdiction (Judge Cary's two-month lapse), federal judges are legally required to ignore it and vacate any federal orders built upon it.

### 5. The Human Cost of Judicial Inertia

The result of this institutional failure is not merely a legal technicality; it is a human rights catastrophe.

- The sole legal custodian of R.R. is being "punished" by the court for a status created by her child's abuser.

- The federal court has effectively become an arm of the kidnapping enterprise by refusing to look behind a "transmitted" document to see the jurisdictional rot at its core.

- R.R., now twelve years old, remains in danger because the Article III system has opted for administrative convenience over the mandatory enforcement of federal defaults.

### VII. NOTICE OF RELATED PENDING LITIGATION: COMSTOCK V. H. JUDGE MAUREEN MCKEE (WA SUPREME COURT)

**TO THE CLERK OF THE COURT AND ALL PARTIES OF RECORD:**

PLEASE TAKE NOTICE that a related matter is currently pending before the Washington State Supreme Court, *Comstock v. H. Judge Maureen McKee*, which directly challenges the jurisdictional validity of the state-level orders being utilized to obstruct these federal proceedings.

## 1. Challenge to the Void Order in the Proper Venue

Petitioner Carolynn Comstock has initiated this action in the Washington State Supreme Court to challenge the underlying orders as void *ab initio*. As the state's highest court, this is the correct venue to address the jurisdictional collapse and the *ultra vires* actions of the lower state courts, specifically the refusal of Judge Maureen McKee to perform the mandatory duty of voiding orders that lack a basis in law or due process.

## 2. Conflict of Interest and Prosecutor Recusal

The integrity of the state's opposition has already fractured. A prosecutor from the King County Prosecuting Attorney's Office (PAO) has already been recused from this matter due to documented conflicts of interest. Petitioner asserts that the PAO is effectively "conflicted out" of the entire enterprise, as their continued participation in protecting a federally defaulted kidnapper while prosecuting a federal custodian constitutes a fundamental breach of prosecutorial ethics and a conflict of interest that cannot be cured.

## 3. Recognition of Urgency by the Washington State Supreme Court

The Washington State Supreme Court has explicitly recognized the exigency of this situation. In an irregular and significant procedural move, the Court has **waived the standard 30-day response period**, narrowing the timeline to a **14-day mandatory response**.

This expedited schedule serves as a clear indication from the State's highest judicial authority that the matters presented—including the safety of a twelve-year-old child and the systemic violation of civil rights—require immediate intervention.

## 4. Impact on the Federal Record

Because the PAO is conflicted and the State Supreme Court has signaled a high probability of jurisdictional correction through its expedited briefing schedule, the Petitioners and their family have no reason to believe the underlying state "vexatious" order or the related custodial interference will stand.

Consequently, any federal reliance on these crumbling state orders is misplaced. The federal court is urged to take judicial notice of this state supreme court action and the high likelihood that the state-level predicates for these federal dismissals are about to be vacated.

## VIII. CAUSES OF ACTION

### COUNT I: Civil RICO (18 U.S.C. § 1962(c))

### (Against All Defendants)

1. **The Enterprise:** The "Institutional-Corporate Alliance" constitutes an association-in-fact enterprise engaged in, and whose activities affect, interstate commerce.

2. **Pattern of Racketeering:** Defendants conducted or participated in the conduct of the enterprise's affairs through a pattern of racketeering activity consisting of multiple predicate acts, including:

   - **Kidnapping (18 U.S.C. § 1201):** The ongoing unlawful detention of R.R. facilitated by state-level collusion.

   - **Extortion (18 U.S.C. § 1951 - Hobbs Act):** The $60,000+ extraction from Petitioner's family and the $150,000 "bad faith" bail.

   - **Wire Fraud (18 U.S.C. § 1343):** The use of interstate wires to transmit void orders, "launder" nullities into the NCIC/NDTX, and coordinate "Mirror Case" filings.

   - **Obstruction of Justice (18 U.S.C. § 1503):** The destruction of forensic evidence (spoliation) and the interference with the Fifth Circuit's appellate jurisdiction.

### COUNT II: RICO Conspiracy (18 U.S.C. § 1962(d))

### (Against All Defendants)

1. Defendants knowingly agreed and conspired to conduct the affairs of the enterprise through a pattern of racketeering.

2. Each defendant took overt acts (e.g., fraudulent dismissals, "Puppet" orders, or kernel-level surveillance) in furtherance of the conspiracy to suppress the federal defaults and maintain the kidnapping of R.R.

### COUNT III: Deprivation of Civil Rights (42 U.S.C. § 1983 & Bivens)

### (Against City, County, and Individual State/Federal Actors)

1. **Due Process:** Defendants deprived Plaintiff of her liberty and property interests without due process by "laundering" void orders and denying hearings.

2. **Right to Familial Association:** The state-level collusion with a defaulted kidnapper constitutes a direct violation of the fundamental right to the care and custody of the minor child.

3. **Equal Protection:** The "Puppet" designation and the "vexatious" labeling of the Plaintiff, without a hearing, constitute a "Class of One" equal protection violation based on extrajudicial animus.

## COUNT IV: Conspiracy to Interfere with Civil Rights (42 U.S.C. § 1985)

## (Against All Defendants)

1. Defendants conspired for the purpose of impeding, hindering, obstructing, or defeating the due course of justice in the State of Washington and the Federal Courts, with the intent to deny Plaintiff the equal protection of the laws.

## COUNT V: Computer Fraud and Abuse Act (18 U.S.C. § 1030)

## (Against Corporate Defendants: Microsoft, OpenAI, Google, Meta, Apple, Anthropic)

1. Defendants intentionally accessed the Plaintiffs' and the minor child's computers and iPhones without authorization or exceeded authorized access.

2. Defendants utilized "GUID shells," virtualization layers, and kernel-level hacks to obtain information and cause damage/spoliation of the legal record.

## COUNT VI: Common Law Fraud on the Court

## (Against All Defendants)

1. Defendants engaged in an intentional scheme to subvert the integrity of the judicial system by knowingly presenting void orders as valid and misrepresenting the status of federal defaults to Article III judges.

## COUNT VII: Intentional Infliction of Emotional Distress (IIED)

## (Against All Defendants)

1. The systematic surveillance of a twelve-year-old child, the facilitation of his kidnapping for over eight months, and the forced homelessness of his mother

constitute "outrageous and extreme" conduct intended to cause, and resulting in, severe emotional distress.

# IX. INCORPORATION OF THE MONELL "POLICY OF RETALIATION"

**NOTICE TO THE COURT:** Under *Monell*, the City of Seattle, The Seattle Police Department, and King County (all entities ans persons) are liable for the **Custom of Retaliation**. The OPA "founded" investigation proves that the SPD does not just "make mistakes:" they intentionally collude with defaulted kidnappers to retaliate against whistleblowers. This policy of retaliation is the "moving force" that has kept R.R. in an abusive environment for nearly a year.

**COUNT XII: Aggravated Kidnapping & Aggravated Child Abuse (18 U.S.C. § 1201; RCW 9A.40.020)**

**(Against Karl Reinke, Erica Knauf Santos and all of her employees (Knauf Santos Law PLLC), Judy Roller, Karin Reinke Young, Jill Irvine, Institutional actors)**

1. **The Predicate Act:** The ongoing detention of R.R. (DOB 03/14/2014) constitutes aggravated kidnapping. This is supported by the uncured **August 19, 2025, federal default** of Karl John Reinke.

2. **Aggravated Abuse:** The systemic refusal of the King County Superior Court and SPD to enforce the default, while aware of the child's suicidal ideation and the abuser's history, constitutes aggravated child abuse through state-sanctioned endangerment.

3. **Enterprise Role:** The corporate and institutional defendants facilitated this kidnapping by "laundering" the void orders that prevented the federal custodian from retrieving the child.

**COUNT XIII: Obstruction of Justice (18 U.S.C. §§ 1503, 1512)**

**(Against All Defendants)**

1. **Tampering with the Record:** The 38-minute maneuver on April 8, 2026—where Judge Chun issued a show cause order after a notarized transfer of interest was completed—constitutes a corrupt endeavor to influence, obstruct, and impede the due administration of justice.

2. **Spoliation as Obstruction:** The ongoing deletion of digital forensic evidence and the use of "GUID shells" to mask the surveillance chain are direct acts of evidence

tampering intended to obstruct the Fifth Circuit and the Western District of Washington.

## COUNT XIV: Retaliation Against a Federal Whistleblower (18 U.S.C. § 1513)

## (Against All Defendants)

1. **Protected Activity:** Plaintiff's daughter and the family have engaged in protected activity by reporting RICO predicates, data privacy violations, and judicial corruption to federal authorities and the Fifth Circuit.

2. **Retaliatory Action:** The $150,000 "bad faith" bail, the "Puppet" designations, the forced homelessness, and the weaponization of the NCIC are direct retaliatory actions intended to punish the Plaintiffs for their whistleblowing activities.

## COUNT XV: Violations of the Children's Online Privacy Protection Act (COPPA) (15 U.S.C. §§ 6501–6506)

## Against Corporate Defendants:

1. **Unlawful Data Collection:** Defendants collected, maintained, and utilized the personal information of R.R. (a child under 13) without verifiable parental consent.

2. **Surveillance of a Minor:** The kernel-level hacks on R.R.'s devices and the tracking of his daily activities constitute a gross violation of COPPA's safety and privacy standards, executed for the benefit of the racketeering enterprise.

## COUNT XVI: Comprehensive Privacy Violations (Adult & Child)

## (Against Corporate Defendants)

1. **Electronic Communications Privacy Act (ECPA):** Unauthorized interception of wire, oral, and electronic communications via virtualization layers and GUID shells.

2. **Stored Communications Act (SCA):** Unauthorized access to stored electronic records and forensic logs.

3. **Intrusion Upon Seclusion:** The daily, high-resolution surveillance of the Plaintiffs' private home and digital lives is highly offensive to a reasonable person and lacks any legitimate commercial or legal justification.

## XVI. DEFAMATION PER SE AND INTENTIONAL INFLICTION OF TERROR

The final component of this enterprise involves the weaponization of the media and the NCIC to execute a campaign of "character assassination" designed to justify the ongoing kidnapping of R.R. and the destitution of the Plaintiffs.

### COUNT XVII: Defamation Per Se

### (Against The City of Seattle, King County, Fox News, and David Rose)

1. **The False Statement:** Defendants published and broadcasted statements labeling the Petitioner's daughter as a "wanted fugitive" and a criminal to an audience of approximately 500,000 people.

2. **Falsity and Default:** These statements are demonstrably false as the Petitioner's daughter is the **sole federal custodian** of R.R. under the uncured **August 19, 2025, federal defaults**. The "fugitive" status is a "laundered" nullity derived from *ultra vires* state proceedings that lacked jurisdiction.

3. **Defamation Per Se:** Under Washington and Federal law, falsely accusing a person of a serious crime (kidnapping her own child) and professional incompetence constitutes defamation *per se*. Damages are presumed because the statements strike at the Petitioner's daughter's professional standing and basic human liberty.

4. **Actual Malice:** Defendants **Fox News and David Rose** acted with actual malice or reckless disregard for the truth by broadcasting these "smears" provided by conflicted King County actors and the SPD, while ignoring the docketed federal defaults and the active Fifth Circuit litigation.

### COUNT XVIII: Intentional Infliction of Terror Against a Minor Child

### (Against All Defendants)

1. **Targeting of R.R.:** The enterprise intentionally broadcasted the "wanted" status of R.R.'s only safe parent to a mass audience, knowing the child—who turned 12 on March 14, 2026—would be exposed to this terrifying information.

2. **The Impact:** This was a deliberate act of "psychological warfare" intended to isolate the child from his mother and coerce him into remaining with his federally defaulted abuser.

3. **Outrageous Conduct:** Broadcasting a "manhunt" for a legal custodian to 500,000 people, based on void orders from a "laundering" operation, is conduct that exceeds all bounds of decency in a civilized society.

### XVIII. FRAUD AGAINST THE UNITED STATES (31 U.S.C. §§ 3729–3733)

This count addresses the direct subversion of Federal Article III authority and the corruption of government functions by entities that are currently under contract with the United States Government.

### COUNT XVIII: Fraud Against the United States / Reverse False Claims

### (Against All Corporate Defendants with Government Contracts and All Parties Intervening in the Record)

1. **Subversion of Federal Jurisdiction:** The Corporate Defendants—including **Microsoft, Google, Meta, and OpenAI**—maintain extensive, multi-billion-dollar contracts with the United States Government. By filing "fraudulent dismissals" and *ultra vires* motions in the Western District of Washington and King County Superior Court *while* the Fifth Circuit Court of Appeals held exclusive jurisdiction, these Defendants engaged in a scheme to defraud the United States of its judicial integrity and the proper administration of federal law.

2. **Corrupt Intervention:** Any party who filed into the WDWA or King County case with the knowledge that the matter had been noticed for consolidation to the Fifth Circuit committed a "fraud on the United States" by attempting to procure a judicial outcome through a court that had been stripped of its authority to act.

3. **Laundering into Federal Databases:** The coordinated transmission of void state orders into the **NCIC (National Crime Information Center)** and other federal databases constitutes a direct fraud against the United States. Defendants utilized government-funded infrastructure to propagate a "jurisdictional lie," effectively weaponizing the federal law enforcement apparatus against a federal custodian to facilitate a kidnapping.

4. **Conflicts of Interest in Government Contracting:** Corporate Defendants who provide "alignment" and "safety" research to the federal government are currently utilizing that same technical infrastructure to execute "GUID shell" surveillance and kernel-level hacks on private citizens. This constitutes a breach of the implied covenant of good faith in their government contracts and a fraud against the public interest.

## SUMMARY OF THE COMPLAINT FOR FILING

This complaint is now a comprehensive **18 Count RICO Counterclaim and Original Action**. It frames the following as an undeniable forensic and legal timeline:

- **3:33 PM (April 8):** The legal interest in the defaults is transferred and notarized.

- **4:11 PM (April 8):** Judge Chun attempts to issue a show cause order on a moot interest.

- **The Enterprise:** Multi-billion dollar tech firms (Track Two) provide the surveillance infrastructure (kernel-level hacks/GUID shells) that the "Corrupt State" (Track One) uses to facilitate aggravated kidnapping and whistleblower retaliation.

- **The Remedy:** Entry of defaults, Vacatur of void orders, Habeas Corpus for R.R., Treble Damages, and immediate Transfer to a neutral venue.

### Note on "Predicate" Defaults

Each of these counts is underpinned by the **August 19, 2025, Federal Default** of Karl John Reinke and the **April 8, 2026, 3:33 PM notarized defaults**. In a RICO context, a "default" on a predicate act (like kidnapping) means the fact of the act is legally established and can no longer be litigated, only enforced.

## X. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Carolynn Comstock, as Successor-in-Interest, respectfully requests that this Court exercise its Article III powers to grant the following relief:

**1. Mandatory Ministerial Action:** An Order compelling the Clerk of the Court to perform the mandatory ministerial duty under **FRCP 55(a)** to enter and certify the federal defaults against **Karl John Reinke** (dated August 19, 2025) and all related predicates notarized and finalized on **April 8, 2026, at 3:33 PM**.

**2. Declaratory Judgment & Vacatur:** A Judgment under **FRCP 60(b)(4)** declaring the state-court "vexatious litigant" orders and the subsequent "laundered" federal dismissals **VOID AB INITIO** for lack of subject matter jurisdiction, lack of personal jurisdiction, and a total deprivation of due process.

**3. Emergency Injunctive Relief (The Recovery of R.R.):** The immediate issuance of a **Writ of Habeas Corpus** or an Emergency Mandatory Injunction directing federal authorities to retrieve the minor child, **R.R. (DOB 03/14/2014)**, from the custody of the federally defaulted kidnapper and return him to his legal federal custodian.

**4. RICO Damages:** An award of **treble damages**, costs, and reasonable attorney fees pursuant to **18 U.S.C. § 1964(c)** for the systematic financial extortion of the Petitioner's family and the destruction of the Petitioner's career and housing stability.

**5. Sanctions for Procedural Fraud:** The imposition of heavy sanctions against the corporate Defendants and their counsel for the "Mirror Case" fraud, including the filing of motions in *ultra vires* proceedings and the creation of fraudulent federal cases without notice to the Plaintiff.

**6. Immediate Transfer to Neutral Venue:** An Order for the immediate **Transfer of Venue** to a neutral district outside the Ninth Circuit, as the Western District of Washington is irreparably tainted by extrajudicial bias and a documented "Puppet" animus against the Petitioners.

## XI. NOTICE OF SERVICE STATUS AND JUDICIAL DISCRETION

**TO THE COURT:** The State Case (Mirror Image RICO Consolidation Case) already has proper service for most, if not all, named parties. These parties possess actual notice of the underlying RICO predicates and have already engaged in a pattern of bad-faith litigation. This includes:

- Making multiple *ultra vires* motions in jurisdictionless federal and state courts.
- **Creating brand-new fraudulent federal cases** and appearing months late with no notice to the Plaintiff to move for dismissals.

The eventual Federal neutral venue has **100% discretion** to accept service as-is based on the grave nature of the crimes and the documented "gamesmanship" of the Defendants. Plaintiff remains ready to comply with any further service requirements but asserts that the Defendants' "actual notice" is already a matter of record.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

**Dated:** April 9, 2026 **Respectfully Submitted,**

*(Signature)* **Carolynn Comstock** Successor-in-Interest

/s/ Carolynn Comstock

**Dated:** April 9, 2026 **Respectfully Submitted,**

*Carolynn Comstock* Successor-in-Interest